UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cr-20032-MD-2

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MIGUEL ULISES MARTINEZ JR.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court following an Order of Reference to conduct a proceeding for acceptance of a guilty plea by Defendant Miguel Ulises Martinez Jr. Based upon the change of plea hearing conducted on August 27, 2024, this Court makes the following findings, and recommends that the guilty plea be accepted.

1. The undersigned advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney and the Assistant United States Attorney all consented on the record to the undersigned conducting the change of plea hearing.

2. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Fed. R. Crim. P. 11.

1

3. Defendant pled guilty to Count One of the Indictment, which charges him with conspiring to possess with intent to distribute 5 kilograms or more of cocaine, knowing that it would be imported into the United States, in violation of Title 21, United States Code, Sections 963 and 952(a). I advised Defendant that the maximum penalty the Court could impose is a term of up to life imprisonment, and not less than 10 years imprisonment, followed by a term of supervised release of at least five years and up to life. In addition to any term of imprisonment, the Court may impose a fine of up to $10,000,000, and the Court will assess a mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5. The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement, which was translated into Spanish, with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney. Defendant indicated that he has reviewed discovery with counsel.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that

Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7.  Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Count One of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of the offense charged. In addition, the undersigned specifically finds that the Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary.

8.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.

As I advised the Parties in open court, the parties will have three calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 27th day of August, 2024.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc:   The Honorable Melissa Damian
      Counsel of record